Filed 1/29/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| MATTHEW C. BAKOS, | C098548 |
| Plaintiff and Appellant, | (Super. Ct. No. S-CV-0046091) |
| v. | |
| WILLIAM ROACH et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Placer County, Trisha J. Hirashima, Judge. Reversed in part and affirmed in part.

Law Office of Stratton S. Barbee and Stratton S. Barbee for Plaintiff and Appellant.

Sims, Lawrence & Broghammer, Cynthia G. Lawrence and Nicole L. VanKlaveren for Defendants and Appellants.

1

William Roach and Rosemary Frieborn, humane officers with the Humane Society of the Sierra Foothills (the Humane Society), seized dogs, chickens, roosters, and a goose from Matthew C. Bakos pursuant to a search warrant issued under Penal Code section 597.1.[1] Edward Fritz accompanied the officers during the search as a volunteer veterinarian. Bakos subsequently sued Roach, Frieborn, and Fritz, individually and on behalf of the Humane Society (collectively, defendants),[2] asserting causes of action for negligence and abuse of process.

The trial court granted summary judgment in favor of defendants, ruling that although defendants were not entitled to qualified immunity because they did not afford Bakos the opportunity for a postseizure administrative hearing, Bakos could not establish essential elements of his causes of action.

Bakos appeals, arguing there are triable issues of material fact regarding his negligence and abuse of process causes of action. Defendants cross-appeal, challenging the trial court's conclusion that they lack qualified immunity.

We conclude summary judgment was proper as to veterinarian Fritz, and summary adjudication was proper as to all defendants on the abuse of process cause of action. But there are triable issues of material fact in connection with the negligence cause of action against the Humane Society, Roach, and Frieborn, because Bakos was not afforded the opportunity for a postseizure administrative hearing and defendants did not establish entitlement to qualified immunity.

We will reverse the judgment as to the Humane Society, Roach, and Frieborn on the negligence cause of action. We will otherwise affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Although the caption of the complaint does not clearly identify the Humane Society as a named defendant, the body of the complaint does. Accordingly, we refer to the Humane Society as a defendant in this opinion.

BACKGROUND

Bakos ran a pheasant hunting club in Lincoln, providing pheasants for hunting and hunting dogs for rent. In 2019, V.E. reported to the Humane Society that there were unsanitary conditions in the dog kennels at the Bakos property. Roach, a level 2 humane officer with the Humane Society, investigated the report. V.E. told Roach about kennels that were filthy with weeks-old dog feces; kennels that were unprotected from the weather; dogs that looked unhealthy; puppies that had no water; puppies housed with older dogs that were aggressive toward the puppies; and a puppy kept with older dogs that was emaciated and had injuries. V.E. also told Roach that several months prior he had seen underweight pheasants. Roach reviewed a report from veterinarian Maggie Rousseau, who examined a puppy from the Bakos property and opined the puppy was emaciated, injured, and had other problems. Roach signed an Affidavit of Search Warrant declaring, among other things, that the property described in the affidavit was "lawfully seizable pursuant to Penal Code section 597.1" and requesting that a search warrant issue. A judge issued a search warrant under section 597.1.

Roach and Frieborn, another level 2 humane officer with the Humane Society, executed the search warrant on February 7, 2019. Fritz, a licensed veterinarian, accompanied them as a volunteer to help assess the health and safety of the animals on the property and administer required veterinary care. The search lasted approximately seven and a half hours and resulted in the seizure of 23 dogs, 62 chickens, 2 roosters, and 1 goose, all of which appeared to Roach and Frieborn to be abused and/or neglected.

Four days later, Roach issued a written Notice of Seizure of Animals stating that animals had been seized from the Bakos property based on alleged violations of sections 597 and 597.1, and pursuant to a search warrant under section 597.1. The notice stated that the seizure occurred because of unsanitary living conditions, inappropriate nutrition, lack of potable water, lack of shelter protecting animals from rain and cold, lack of veterinary care, inability to prevent animals from fighting, and lack of basic husbandry

3

practices.  It also stated that under section 597.1, subdivision (h), Bakos was liable for the cost of the seizure and care of the seized animals, and the animals would be deemed abandoned if the charges were not paid within 14 days of the seizure.  Bakos was informed that if the charges were not paid, the Humane Society would obtain rights in the seized animals and could act unilaterally with respect to the animals' care and future.  The notice detailed charges totaling $23,657.22.

On February 13, 2019, the Humane Society wrote to update Bakos regarding the seizure of his animals pursuant to the search warrant issued under section 597.1.  The letter stated there were other animals on his property in need of care, and it invited a discussion regarding the treatment of those animals to avoid further seizures.  The letter added that because Bakos's animals had been seized pursuant to a search warrant, section 597.1 did not provide for an administrative hearing, but the Humane Society nevertheless wanted to address Bakos's concerns and give Bakos an opportunity to respond.  The Humane Society subsequently obtained an order releasing the seized animals to it because Bakos did not pay the specified charges.

Bakos sued Roach, Frieborn, and Fritz, individually and on behalf of the Humane Society, alleging negligence and abuse of process.  Defendants moved for summary judgment or summary adjudication, arguing the Humane Society and its employees were entitled to qualified immunity under Government Code section 820.2, and that Bakos could not establish the elements of his causes of action.  Defendants submitted the declarations of Roach, Frieborn, and Fritz in support of their motion.  Fritz said he played no role in securing the search warrant, did not recommend that any animals be seized, and did not use any process in relation to his duties as a volunteer veterinarian.

The trial court granted summary judgment in favor of defendants, ruling that although defendants were not entitled to qualified immunity because they did not afford Bakos the opportunity for a postseizure administrative hearing, Bakos could not establish essential elements of his causes of action.  The trial court concluded that Bakos could not

4

prove negligence because he could not establish a duty of care or breach of a duty owed to him, and even though Bakos did not receive an opportunity for an administrative hearing under section 597.1, he could not establish negligence per se because he was not a member of the class of persons for whose protection the statute was adopted, and the harm he suffered was not the type of harm section 597.1 was designed to prevent. With regard to the abuse of process cause of action, the trial court concluded Bakos failed to establish a triable issue of material fact as to whether any defendant harbored an ulterior motive, one of the required elements for an abuse of process claim. As to veterinarian Fritz, the trial court found no evidence supporting the asserted claims against him.

## STANDARD OF REVIEW

A trial court must grant a motion for summary judgment or summary adjudication if the papers submitted show there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subds. (c), (f)(1).) A triable issue of material fact exists if the evidence reasonably permits a trier of fact to find the contested fact in favor of the plaintiff in accordance with the applicable standard of proof. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) A defendant moving for summary judgment or summary adjudication may demonstrate that the plaintiff's cause of action has no merit, and that the defendant is entitled to judgment as a matter of law by showing that the plaintiff cannot establish one or more elements of the cause of action or there is a complete defense to the cause of action. (Code Civ. Proc., § 437c, subds. (a)(1), (f) & (p)(2); *Aguilar*, at pp. 849, 853.) This showing must be supported by evidence, such as declarations and deposition testimony. (Code Civ. Proc., § 437c, subd. (b)(1).)

Once the defendant meets its threshold burden, the burden shifts to the plaintiff to present evidence showing that a triable issue of one or more material facts exists as to the cause of action or defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 850.) The plaintiff may not simply rely on the allegations of the

pleadings but must set forth specific facts showing a triable issue of material fact as to the cause of action or defense. (Code Civ. Proc., § 437c, subd. (p)(2).)

We review an order granting summary judgment or summary adjudication de novo, employing the same analysis as the trial court. (*Aguilar, supra*, 25 Cal.4th at p. 860; *Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206.) First, we identify the issues framed by the pleadings because it is those allegations to which the defendant's motion must respond. (*Hutton v. Fidelity National Title Co.* (2013) 213 Cal.App.4th 486, 493.) We then determine whether the defendant's showing establishes facts negating the plaintiff's claims and justifies a judgment in the defendant's favor. (*Id.* at pp. 493-494.) If the defendant makes such a showing, we determine whether the plaintiff has demonstrated the existence of a triable issue of material fact. (*Id.* at p. 494.)

We independently examine the record, considering all the evidence set forth in the papers, except that which the trial court properly excluded, and all inferences reasonably deducible from the evidence to determine whether a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (c); *Price v. Victor Valley Union High School Dist.* (2022) 85 Cal.App.5th 231, 238-239.) We view the evidence in a light favorable to the party opposing summary judgment or summary adjudication, liberally construing that party's evidence while strictly scrutinizing the moving party's showing, and we resolve all doubts concerning the evidence in favor of the opposing party. (*Patterson v. Domino's Pizza, LLC* (2014) 60 Cal.4th 474, 499-500; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.) We do not resolve issues of fact and generally do not decide questions about credibility. (Code Civ. Proc., § 437c, subd. (e); *Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1144-1145; *AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1065.)

DISCUSSION

I

Bakos contends there are triable issues of material fact in connection with his negligence cause of action.

Section 597.1, subdivision (a) provides that an owner or keeper of an animal who permits the animal to be without proper care and attention is guilty of a misdemeanor. Section 597.1, subdivision (b) authorizes a humane officer to take charge of any animal that is being cruelly treated. Consistent with due process, when an animal is seized pursuant to section 597.1, the owner or keeper of the animal is entitled to an administrative hearing. (§ 597.1, subds. (a)(1), (b), (f) & (g); *Broden v. Marin Humane Society* (1999) 70 Cal.App.4th 1212, 1219, 1224, fn. 10; Department of Food and Agriculture, Enrolled Bill Rep. on Assem. Bill No. 35 (1991-1992 Reg. Sess.) Dec. 6, 1990, p. 1; Department of Finance, Enrolled Bill Rep. on Assem. Bill No. 35 (1991-1992 Reg. Sess.) Dec. 6, 1990, pp. 1-2; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1117 (2011-2012 Reg. Sess.) as amended Apr. 27, 2011, pp. 3-4, 8; see *Carrera v. Bertaini* (1976) 63 Cal.App.3d 721, 724, 726-727, 729-730; *Recchia v. City of Los Angeles Dept. of Animal Services* (9th Cir. 2018) 889 F.3d 553, 562.)

Section 597.1, subdivision (g) requires a preseizure hearing when there is no need for immediate seizure. However, when a humane officer has a reasonable belief that immediate seizure of an animal is required to protect the health or safety of the animal, section 597.1, subdivision (f) states that the officer shall provide the owner or keeper of the animal with the opportunity for a postseizure hearing to determine the validity of the seizure. (§ 597.1, subd. (f)(1).)

Bakos alleges defendants were negligent in failing to afford him a postseizure administrative hearing. "Evidence Code section 669 'codifies the common law doctrine of negligence per se.' " (*Gravelin v. Satterfield* (2011) 200 Cal.App.4th 1209, 1218.) The doctrine is not a separate cause of action but relates to the standard of care in a cause

of action for negligence.  (*Millard v. Biosources, Inc.* (2007) 156 Cal.App.4th 1338, 1353, fn. 2.)  As relevant here, the doctrine creates a rebuttable presumption that a defendant failed to exercise due care when (1) the defendant violated a statute, (2) the violation proximately caused injury to property, (3) the statute was designed to prevent such injury, and (4) the property owner is a member of the protected class.  (Evid. Code, § 669, subd. (a); *Gravelin*, at p. 1218.)  "The first two elements are questions of fact for the jury to decide if there are factual disputes.  [Citation.]  The second two elements are questions of law to be resolved by the court."  (*Nevarrez v. San Marino Skilled Nursing & Wellness Centre, LLC* (2013) 221 Cal.App.4th 102, 124-125.)  Whether the defendant owed a duty to the plaintiff is also a question of law to be decided by the court.  (*Kentucky Fried Chicken of Cal., Inc. v. Superior Court* (1997) 14 Cal.4th 814, 831-832; *Moore v. William Jessup University* (2015) 243 Cal.App.4th 427, 434.)

Defendants argue the law requires a postseizure administrative hearing following a *warrantless* seizure of animals, whereas in this case no hearing was required because a search warrant was obtained consistent with the police powers granted by Corporations Code section 14502.  Defendants note that Corporations Code section 14502, subdivision (h)(2)(B) authorizes a level 2 humane officer to serve a search warrant.  They also point to language in section 597.1 that refers to seizure under "this section" (section 597.1) *or* pursuant to a search warrant.  (See § 597.1, subds. (h), (j).)  According to defendants, because section 597.1, subdivision (f) only refers to seizure under "this section" (section 597.1) and does not mention seizure by search warrant, the postseizure administrative hearing required by section 597.1, subdivision (f) does not apply to a seizure by search warrant.  In other words, defendants urge that section 597.1 recognizes two different processes, one that requires a postseizure administrative hearing for a seizure without a search warrant, and one that does not require a postseizure administrative hearing for a seizure pursuant to a search warrant.

It is true that section 597.1, subdivision (f) does not mention seizure by search warrant. But that subdivision does require a postseizure hearing "[w]henever an officer authorized under this section" seizes an animal. Here, the undisputed evidence establishes that the officers were authorized to seize the animals pursuant to a search warrant expressly issued under section 597.1, and thus, the officers were authorized under that section. The Affidavit of Search Warrant, the Search Warrant, the Notice of Seizure of Animals, and the February 13, 2019 letter all expressly referenced section 597.1. On this record, section 597.1, subdivision (f) and its postseizure hearing requirement are applicable and controlling.

The provision for a hearing protects the due process rights of the owner whose property was taken. (Department of Food and Agriculture, Enrolled Bill Rep. on Assem. Bill No. 35 (1991-1992 Reg. Sess.) Dec. 6, 1990, p. 1; *Carrera v. Bertaini, supra*, 63 Cal.App.3d at p. 727.) Bakos's animals were seized, and costs for the seizure and care were imposed, under section 597.1; but Bakos was not afforded an opportunity for a postseizure administrative hearing. As the owner of the animals seized, Bakos is within the class of persons that section 597.1, subdivision (f) was designed to protect. (§ 597.1, subd. (f); Department of Food and Agriculture, Enrolled Bill Rep. on Assem. Bill No. 35 (1991-1992 Reg. Sess.) Dec. 6, 1990, p. 1.) At a minimum, Bakos established that there are triable issues of fact as to whether there was injury to his property caused by the denial of an opportunity for a postseizure administrative hearing. The trial court should not have granted summary adjudication as to the negligence cause of action against the Humane Society, Roach, and Frieborn, because Bakos was not afforded the opportunity for a postseizure administrative hearing. But the adjudication in favor of Fritz was proper because the hearing provisions in section 597.1 impose a duty on the Humane Society and its officers, not volunteer veterinarians. (§ 597.1, subds. (f), (g).)

At oral argument, defendants argued Bakos had sufficient due process available to him without an administrative hearing because he could have challenged the search

warrant under section 1538.5. We do not consider the contention because it was raised for the first time at oral argument and not raised in defendants' appellate briefs. (*Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226.)

Regarding the allegation in the complaint that defendants breached their duty to Bakos by taking his animals without consent or warning, inspection, or discussion, Bakos did not oppose defendants' motion on that ground in the trial court. Accordingly, we do not address the allegation. On appeal, Bakos further contends a triable issue of material fact exists regarding the seizure of his animals because he submitted evidence showing they were not neglected or abused. This is another argument Bakos did not assert in opposing defendants' motion in the trial court. We need not consider claims that were not raised in the trial court. (*Damiani v. Albert* (1957) 48 Cal.2d 15, 18; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3.)

In any event, defendants presented evidence that humane officers observed animals appearing to have been abused and/or neglected. Bakos does not point to any evidence in the record on appeal raising a triable issue of material fact regarding the condition of the animals seized. (*Hoffman v. Sports Car Club of America* (1986) 180 Cal.App.3d 119, 126; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Moreover, defendants presented evidence that Fritz did not seize or recommend the seizure of the animals and Bakos does not point to any evidence showing otherwise.

## II

Bakos next contends there are triable issues of material fact in connection with his abuse of process cause of action.

The elements of a cause of action for abuse of process are that the defendant (1) entertained an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceeding. (*Templeton Feed & Grain v. Ralston Purina Co.* (1968) 69 Cal.2d 461, 466.) As to the first element, the

10

trial court found no evidence that defendants harbored an ulterior motive, and we have found no such evidence in our review of the relevant record. Bakos had the burden to set forth specific facts showing a triable issue on the question of ulterior motive but did not do so. Under the circumstances, the challenge to the trial court's ruling on the abuse of process cause of action lacks merit.

III

Defendants challenge the trial court's ruling that the Humane Society and its officers are not entitled to immunity.

"Since 1905, California has authorized the formation of corporations for the prevention of cruelty to animals." (*Animal Legal Defense Fund v. Mendes* (2008) 160 Cal.App.4th 136, 142.) Those corporations enforce applicable law and arrest or prosecute offenders. (Corp. Code, § 14501; see *id.*, §§ 10404-10405.)

Roach and Frieborn were level 2 humane officers. A level 2 humane officer is not a peace officer but may exercise the powers of a peace officer to prevent the perpetration of any act of cruelty upon an animal. (Corp. Code, § 14502, subd. (h)(2)(A).) They may make arrests for the violation of laws relating to or affecting animals in the same manner as any peace officer and serve search warrants upon prior notice to local law enforcement agencies. (*Id.*, subds. (h)(2)(B), (k).) Based on the powers conferred upon them, the Humane Society and its officers exercised quasi-governmental powers. (*Id.*, §§ 14501-14502; § 597.1; *Animal Legal Defense Fund v. Mendes, supra*, 160 Cal.App.4th at p. 143.)

Governmental immunity under California law is conferred by statute. (*Asgari v. City of Los Angeles* (1997) 15 Cal.4th 744, 756.) Defendants contend Government Code section 820.2 provides them with immunity from the Bakos lawsuit. Government Code section 820.2 provides, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be

11

abused."  Defendants bear the burden of establishing that immunity applies.  (*Johnson v. State of California* (1968) 69 Cal.2d 782, 794, fn. 8.)

"[N]ot all acts requiring a public employee to choose among alternatives entail the use of 'discretion' within the meaning of [Government Code] section 820.2.  Under that statute, '[i]mmunity is reserved for those "basic policy decisions [which have] . . . been [expressly] committed to coordinate branches of government," and as to which judicial interference would thus be "unseemly." ' . . .  On the other hand, there is no basis for immunizing lower level decisions that merely implement a basic policy already formulated.  [Citation.]  The scope of the discretionary act immunity 'should be no greater than is required to give legislative and executive policymakers sufficient breathing space in which to perform their vital policymaking functions.' " (*Barner v. Leeds* (2000) 24 Cal.4th 676, 684-685, italics removed; see *id.* at pp. 679-680 [holding that acts or omissions of a deputy public defender in representing a defendant in a criminal action do not involve the type of basic policy decisions immune from liability under Government Code section 820.2, but are operational decisions incident to the normal functions of the office of the public defender]; *Sanborn v. Chronicle Publishing Co.* (1976) 18 Cal.3d 406, 414-416 [holding that a city clerk's statement to the media about his release of deposited funds to the plaintiff was not protected under Government Code section 820.2 because the decision to make the statement was not in the nature of a "basic policy decision" made at the "planning" stage of the city's operations but instead fell within the category of routine, ministerial duties incident to the normal operations of that office]; *Garcia v. City of Los Angeles* (C.D. Cal. 2020) 611 F.Supp.3d 918, 936 [holding that a police officer's decision to arrest or detain a suspect is not a policy decision entitled to protection under Government Code section 820.2]; *Thomas v. Dillard* (S.D. Cal. 2016) 212 F.Supp.3d 938, 949 [qualified immunity does not apply to the search of the plaintiff because that action did not involve a policy decision]; cf. *Recchia v. City of Los Angeles Dept. of Animal Services, supra*, 889 F.3d at pp. 563-564 [concluding

12

that "discretionary immunity" applied to state tort claims arising from the seizure of the plaintiff's pigeons under section 597.1 because animal control officers had to decide whether very prompt action was required to protect the animals' health or safety].) Additionally, immunity does not apply where the individual defendant violated a statute and immunity would frustrate the purpose of the statute violated. (*Conn v. Western Placer Unified School Dist.* (2010) 186 Cal.App.4th 1163, 1178-1180 [holding that individual defendants were not entitled to immunity under Government Code section 820.2 where their conduct violated a whistleblower statute]; *Garcia, supra*, 611 F.Supp.3d at p. 937 [concluding that qualified immunity did not apply to a claim based on the defendant's decision to throw away the plaintiffs' property where a statute required them to store the property for 60 days].)

Defendants contend they are entitled to immunity because they followed proper procedures in seizing the animals. As we have explained, however, Bakos was not afforded the opportunity for a postseizure administrative hearing. Granting immunity to the Humane Society, Roach, and Frieborn under Government Code section 820.2 may frustrate the purpose of section 597.1. Moreover, given the prior authorities on the subject, it is not obvious that seizing animals or imposing costs under section 597.1 constituted policy decisions within the meaning of Government Code section 820.2. We conclude defendants have not established that Government Code section 820.2 immunity applies to them.

## DISPOSITION

The judgment is reversed as to the Humane Society, Roach, and Frieborn on the negligence cause of action because Bakos was not afforded the opportunity for a postseizure administrative hearing.  The judgment is otherwise affirmed.  The parties shall bear their own costs.  (Cal. Rules of Court, rule 8.278(a)(5).)


_____/S/_____
MAURO, Acting P. J.


We concur:


\_\_\_\_\_/S/_____
KRAUSE, J.


\_\_\_\_\_/S/_____
MESIWALA, J.

14